# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **ROBERTO EFRAIN PEREZ CASTRO,** § § | |
| *Petitioner*, § § | |
| v. § § | |
| **KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; ANGEL GARITE, ASSISTANT FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, EL PASO SERVICE PROCESSING CENTER; and DAREN K. MARGOLIN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** § § § § § § § § § § § § § § § § § § § § § | No. 3:25-CV-00623-LS |
| *Respondents*. § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Roberto Efrain Perez Castro filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order.[2] For the following reasons, the Court denies Petitioner's motion for a temporary restraining order.

**I.      LEGAL STANDARD.**

---
[1] ECF No. 1.
[2] ECF No. 6.

The elements required to grant a motion for injunctive relief are:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.   ANALYSIS.

According to Respondents, Petitioner has been issued and is being held under a final administrative order of removal through the Visa Waiver Program ("VWP").[6] "The VWP permits eligible nationals from certain designated countries to apply for admission to the United States for ninety days or less as non-immigrant visitors without first obtaining a visa."[7] Under the VWP, participating aliens waive any right to contest any action for removal.[8] And such removal shall be effected "without referral of the alien to an immigration judge for a determination of deportability."[9] This is a distinct situation from the cases that Petitioner cites, where ICE has made a determination to detain certain aliens without bond during the pendency of their removal *proceedings*, before a final order is issued.

The removal of aliens ordered removed is governed by 8 U.S.C. § 1231. Once an alien has been ordered removed, the Government must remove him from the United States within ninety

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] ECF No. 5 at 4. Respondents also attach a Notice of Intent to Issue a Final Administrative Removal Order to their response. ECF No. 5-1 at 3–4.
[7] *McCarthy v. Mukasey*, 555 F.3d 459, 459–60 (5th Cir. 2009).
[8] *Id.* at 460 (quoting 8 U.S.C. § 1187(b)(2)).
[9] 8 C.F.R. § 217.4(b)(1).

days.[10] During the removal period, detention is mandatory.[11] Petitioner was detained on or about November 5, 2025.[12] Thus, he is within the ninety-day removal period and may be detained by Respondents pending his removal from the United States. Therefore, the Court concludes that Petitioner has not shown a substantial likelihood of success on the merits.

### III.   CONCLUSION

For this reason, Petitioner's motion [ECF No. 6] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 16, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[10] 8 U.S.C. § 1231(a)(1)(A).
[11] 8 U.S.C. § 1231(a)(2)(A).
[12] ECF No. 1 at 6.