**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERTO EFRAIN PEREZ CASTRO,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; ANGEL GARITE, ASSISTANT FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, EL PASO SERVICE PROCESSING CENTER; AND DAREN K. MARGOLIN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,**<br><br>***Respondents*.** | § | **No. 3:25-cv-00623-LS** |

**ORDER DISMISSING CASE**

Respondents have notified the court that Petitioner was removed from the United States on or about February 23, 2026.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer

[1] ECF No. 8.
[2] ECF No. 1.

detained by Respondents, his petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus and dismisses this case as moot.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 9, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).